# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter John W. Bledsoe, III, Respondent.

Appellate Case No. 2017-002322

Opinion No. 27778
Submitted February 21, 2018 – Filed March 14, 2018

## PUBLIC REPRIMAND

John S. Nichols, Disciplinary Counsel, and Julie K.
Martino, Assistant Disciplinary Counsel, of Columbia,
for Office of Disciplinary Counsel.

John W. Bledsoe, III, of Darlington, *pro Se*.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office
of Disciplinary Counsel have entered into an Agreement for Discipline by Consent
(Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
a confidential admonition or public reprimand.[1]  As a condition of discipline,
respondent agrees to complete the Legal Ethics and Practice Program Ethics
School within one year of being sanctioned.  We accept the Agreement and issue a
public reprimand.  The facts, as set forth in the Agreement, are as follows.

---

[1] Respondent previously received an Admonition on December 19, 2003, citing
Rules 1.3 (Diligence), 1.4 (Communication), 1.15 (Safekeeping Property), 5.1
(Responsibilities of Partners, Managers, and Supervisory Lawyers), 8.1 (Bar
Admission and Disciplinary Matters), and 8.4(e) (Misconduct) of the Rules of
Professional Conduct (RPC), Rule 407, SCACR.

## Facts

### Matter A

In early 2016, respondent was retained to represent Client A in a divorce and custody action.  Following a temporary hearing, the judge awarded custody of one child to Client A and custody of the other child, as well as child support, to Client A's spouse.  Despite the fact child support was to be paid monthly, respondent prepared a temporary order requiring Client A to pay child support weekly.  Although respondent submitted an amended temporary order to the judge which stated child support payments were to be made monthly, funds were garnished from Client A's payroll checks on four occasions for weekly payments as a result of the original order, causing Client A to experience financial difficulties, including difficulties paying for rent, utilities, and food.

### Matter B

Respondent was retained to represent Client B in a divorce and custody action after Client B, while being represented by another attorney, lost custody of her child at a temporary hearing.  Client B's spouse died before the final hearing could be held.  Subsequently, the family court awarded temporary custody of Client B's child to the sister of Client B's spouse (Aunt) and the sister's husband (Uncle).  Shortly after the temporary hearing in which custody was awarded to Aunt and Uncle, Client B released respondent and retained a new attorney.

At some point during his representation of Client B, respondent expressed to Client B that he was interested in a sexual relationship with her.  Respondent asked Client B to show him her breasts.  Client B showed respondent her breasts, but felt ashamed and humiliated.  Respondent and Client B did not engage in a sexual relationship.

## Law

Respondent admits that, in Matter A, his mistake in drafting the original order and his delay in recognizing the mistake and submitting an amended order violated Rule 1.3, RPC, Rule 407, SCACR ("A lawyer shall act with reasonable diligence and promptness in representing a client.").  With regard to Matter B, respondent admits that in requesting to see Client B's breasts, he violated Rule 1.7(a)(2), RPC,

Rule 407, SCACR ("Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: . . . (2) there is a significant risk that the representation of one or more clients will be materially limited . . . by a personal interest of the lawyer.") and Rule 8.4(e), RPC, Rule 407, SCACR ("It is professional misconduct for a lawyer to: . . . (e) engage in conduct that is prejudicial to the administration of justice[.]"). Finally, respondent admits the allegations contained in the Agreement constitute grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR ("It shall be a ground for discipline for a lawyer to: (1) violate or attempt to violate the Rules of Professional Conduct, Rule 407, SCACR, or any other rules of this jurisdiction regarding professional conduct of lawyers[.]").

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Respondent shall complete the Legal Ethics and Practice Program Ethics School within one year of the date of this opinion.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**